DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Take Judicial Notice and Motion to Dismiss (Motion), filed May 13, 2011, requesting that Plaintiff's Complaint be dismissed. Plaintiff's Response to Defendant's Motion to Dismiss (Response) was filed August 16, 2011. Defendant's Reply to Plaintiff's Response to Motion to Take Judicial Notice and Motion to Dismiss (Reply) was filed August 24, 2011. Plaintiff's Reply to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss was filed September 9, 2011 (Ptf's Reply).
Plaintiff requested oral argument. Given the exhibits attached to Plaintiff's Response, the court declines to set this matter for oral argument. This matter is ready for decision.
Defendant's Motion asks that this court take judicial notice of certain judgments entered in two prior year appeals, tax years 2008-09 and 2009-10, for the above named Plaintiff. *Page 2 
Oregon Evidence Code (OEC) rules 201 and 202[1] govern judicial notice in Oregon.[2] The Oregon Legislature enacted OEC 201 and 202 as part of a major revision of Oregon's evidence rules.See Or Laws 1981, ch 892, §§ 7-13 (enacting rules 201 and 202). OEC 201 and 202 appear in the Oregon Revised Statutes (ORS) in chapter 40. ORS 40.060 to 40.090 (2009). OEC 201 states:
 "(a) [OEC 201] govern[s] judicial notice of adjudicative facts. * * *
 "(b) A judicially noticed fact must be one not subject to reasonable dispute in that it is either:
 "(1) Generally known within the territorial jurisdiction of the trial court; or
 "(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
Even though OEC 201 (c) states that "[a] court may take judicial notice, whether requested or not[,]" the court must take judicial notice upon a party's request if that party supplies the court with the "necessary information." OEC 201(d). Neither the legislature nor the courts have explicitly defined "necessary information" as used in OEC 201(d), but it is reasonable to conclude that the phrase refers to a source "not subject to reasonable dispute" under OEC 201(b). See WarmSprings Forest Products Indus. v. Employee BenefitsIns. Co.,300 Or 617, 716 P2d 740 (1986) (denying request for judicial notice under OEC 201(d) where requesting party offered no "custom or usage" or "any developed body of [law]" in support of *Page 3 
that request). Examples of public records suitable for judicial notice include prior court judgments of conviction, election results, the date of an entry of judgment, and documents establishing the existence of a proceeding in another state.Arlington Educ. Ass'n v. Arlington Sch. Dist. No. 3,177 Or App 658, 667, 34 P3d 1197 (2001). The court concludes that it can take judicial notice of judgments issued by this court.
In determining the real market value of the subject property identified as Account R620713 for tax years 2008-09 and 2009-10, the parties reached their own agreements. For tax year 2008-09, the parties submitted a Stipulated General Judgment signed by Plaintiff's authorized representative, Christopher K. Robinson (Robinson), on July 28, 2010. The court filed that judgment on August 5, 2010.
On December 15, 2010, Robinson submitted a signed Stipulation, stating that on behalf of Plaintiff he agreed "to the correction of the values on the tax roll(s) as indicated on the attached Exhibit 1." (Ptf's Resp, Ex D-2.) Exhibit 1 stated the following values:
 Real Market Value:
 Land — $1,408,620;
 Improvements — $5,691,380;
 Total Real Market Value — $7,100,000;
 Real Market Value Exception — $5,691,380; and
 Assessed Value — $3,148,850.
(Ptf's Resp, Ex D-3.) A Judgment of Stipulation was filed December 28, 2010, stating that:
 "JUDGMENTS FROM THE MAGISTRATE DIVISION ARE FINAL AND MAY NOT BE APPEALED. ORS 305.501."
In its Response, Robinson states that at the time he signed the stipulated agreement he "inadvertently and mistakenly executed a stipulation document that increased Plaintiff's taxes." (Ptf's Resp at 3.) Plaintiff asks this court to vacate its judgment for tax year 2009-10, and change the stipulated land and improvement values. *Page 4 
The court's judgments clearly state that its judgments are final and may not be appealed. ORS 305.501. When the parties agree to a mutual mistake, the court has vacated its judgment and issued a corrected judgment. That is not the facts of the case before the court. The parties do not agree that there is a mutual mistake. Robinson and Defendant's authorized representative signed the Stipulation setting forth the agreed values. The values, including real market value for land and improvements, real market value exception and assessed value, were individually stated. Robinson admits that at the time he signed the stipulated agreement he made a mistake. Absent extraordinary circumstances, excluding oversight, lack of knowledge or inadvertence, that were not alleged nor proven in this case, there is no provision in the statute for the court to correct a mistake made by one party who voluntarily enters into a stipulated agreement and the court accepts and files the parties' prepared stipulation of judgment.[3] Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of October 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563;
 or by hand delivery to: Fourth Floor, 1241 State Street,Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on October 4, 2011. The Court filed and entered thisdocument on October 4, 2011.
[1] All references to the OEC or Oregon Revised Statutes (ORS) are to 2009, unless noted.
[2] ORS 305.501(4)(a) states that:
 "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."
 Even though the "magistrate is not bound by * * * statutory rules of evidence or by technical or formal rules of procedure," for purposes of determining whether the court should take judicial notice of its own judgments in the above-entitled matter, the court looks to the Oregon Rules of Evidence for guidance. ORS 305.501(4)(a).
[3] Plaintiff alleges that the issue before the court is an omitted property tax assessment. (Ptf's Reply at 1.) There was no notice of an omitted property assessment submitted to the court. Plaintiff alleges that when Defendant entered the values stated on the court's Judgment on the tax roll it created omitted property. (Id.) The court finds no evidence to support Plaintiff's allegation.
 *Page 1